**No. 1595.**
**Second Circuit Appeal.**

---

**MRS. S. COLEMAN v. MRS. N. G. HEMLER, ET AL.**

---

(October 17, 1924, Opinion and Decree on Rehearing.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest, Sequestration—Par. 24.**

Where the amount of a release or forthcoming bond in a sequestration suit was agreed upon and executed by the parties, the formalities required by Article 279 of the Code of Practice need

not be complied with in order to hold the surety liable thereon:

(See Honeycutt vs. Whitten, 152 La. 1046, 95 South. 216.)

Appeal from the Parish of Richland, Hon McIntosh, Judge.

This is a suit on a forthcoming bond given in a sequestration suit to release logs sequestered.

There was judgment for plaintiff and defendant surety appealed.

Judgment reversed as to surety.

On a rehearing the judgment of the dis trict court is affirmed.

Ellis and Ellis, of Rayville, attorneys for plaintiff, appellee.

Foster, Hall and Smith, of Shreveport, attorneys for defendants, appellants.

PORTER, J.   This litigation grows out of the following facts:

In May, 1920, the plaintiff sold, by authentic act, to the defendant, Mrs. N. G. Hemler, certain standing timber on certain described land in Richland Parish, for $1,750.00, represented by three promissory notes, all of them stipulating 8% interest from date and 10% attorneys' fees, and all secured by a special mortgage and vendor's lien on the property sold.

The notes not having been fully paid at maturity, the plaintiff herein instituted suit on them, and prayed for a writ of sequestration of all of the timber, including that which had been cut, and was, at the time, at Archibald, as well as the standing timber.

The timber was duly sequestered as prayed for, and on application by the defendant, the logs at Archibald were released on a forthcoming bond, signed by the defendant and J. A. Hemler, and were subsequently sold by the defendant.

The present suit is on the said forthcoming bond for a balance due of $801.00, and interest and attorneys' fees.

Several defenses were urged, all of which have been abandoned except one, which was urged in an amended answer, and it is, in substance, that said bond is fatally defective, for the reasons that there was no appraisement of the property by the Sheriff, as required by law, and that the order for the release of the property—which was signed by the Clerk of the Court in the absence of the District Judge from the Parish—fixed no amount of the bond. It merely permits the release of the logs at Archibald "on bond, in the manner, form and amount, and conditioned as directed by law, and it is further ordered that M. A. Cooper, Sheriff of the Parish of Richland, be authorized to receive, accept and approve the bond, to release the said sequestration, and that when the said bond has been accepted and approved by him, the said Sheriff is ordered and directed to release the said sequestration to the extent of the logs removed from said land and now at Archibald, and to surrender to defendant said property seized under the writ of sequestration."

There was no inventory or appraisement of the property released, and the amount of the release bond was fixed by consent of the plaintiff and defendant at $1,500.00.

There was judgment in the District Court for the amount claimed against both defendants, and J. A. Hemler, the surety on the release bond, alone appealed.

This court reversed the judgment as against J. A. Hemler, the surety, for the reason that the amount of the bond had not been fixed by the judge in accordance with the provisions of Art. 279 of the Code of Practice. We said, among other things, that:

"The obligations of a surety are *stricti juris*, and must be rigidly construed", and cited authorities in support of that proposition, and others upon which we based our conclusion.

At the time that our decision was rendered, there was pending in the Supreme Court the case of Honeycutt vs. Whitten et al., on appeal from the same District Court which had decided the present case, and in which one of the points involved was identical with the one upon which our decision rested; and the decision by the Supreme Court was in line with ours, and held, on the point in question, just as we had held in the instant case. An application for a rehearing in the Honeycutt case was filed and granted, and in view of this fact, we granted a similar application in the case, and, by consent of counsel, we held the matter up to await the final decision of the Honeycutt case. Later on, the Supreme Court handed down a decision (Honeycutt vs. Whitten, 152 La. 1046; 95 South. 216) which reversed its former ruling on the point at issue. The facts in the Honeycutt case and in the present one were substantially identical; except that in the former case, the bond sued on was given to release a writ of provisional seizure, while the writ in this case was one of sequestration. While, as stated, the Honeycutt case involved the validity of a forthcoming bond given to release property provisionally seized to enforce a rent claim, and while the Supreme Court, in a decision by the whole court, held that the requisites of appraisement, etc., were for the benefit of the lessor and lessee and could be, and were waived by the lessee by furnishing the bond and by the lessor in accepting it and suing upon it, there is no logical reason why the same doctrine should not apply to informalities in a bond to release a writ of sequestration as prescribed by Article 279, C. P., in a case where the judge did not fix the amount of the bond, but where it was fixed by consent of the parties to it, and where the defendant secured the release of the property and sold it, and the plaintiff accepted the bond by suing upon it.

Indeed, the able and resourceful counsel who argued the instant case orally on the rehearing practically concedes that the doctrine announced in the Honeycutt case applies, with equal force, to the case now before us. His sole contention is that the Supreme Court committed an error in its last opinion in the Honeycutt case, and he asks us, with apparent earnestness, to correct that error by affirming our former opinion and decree.

We have no power, even if we had the disposition, to comply with his request.

It is therefore ordered and decreed that our former decree herein be set aside and that the judgment appealed from be, and the same is hereby affirmed.